# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

19393 US 12, LLC a Michigan limited
liability company,

     Plaintiff,

v.

NEW BUFFALO TOWNSHIP, a
general law township,

     Defendant.

_____/

Case No.

Hon.

## COMPLAINT

Plaintiff 19393 US 12, LLC, through its counsel, BUTZEL LONG, P.C., states and alleges as follows for its Complaint against the Township of New Buffalo:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff 19393 US 12, LLC ("Joyology" or "Plaintiff") is a limited liability company formed under the laws of the State of Michigan.

2.    Plaintiff's intention is to do business as Joyology when its business is operational.

3.    Defendant New Buffalo Township (the "Township" or "Defendant") is a general law township in Berrien County, Michigan.

4.    New Buffalo Township is governed by the New Bufalo Township Board, consisting of a Supervisor, Clerk, Treasurer, and two Trustees (the "Township Board").

5. Mich Const 1963, art 6, § 13; MCL 600.601; MCL 600.605, MCL 600.6419; and MCR 2.605 give this Court subject-matter jurisdiction over the claims Plaintiff asserts in this Complaint.

6. This Court has jurisdiction under 28 U.S.C. § 1331, because the claims arise under the 14th Amendment of the United States Constitution.

7. This Court has jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367(a) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

8. Venue is proper in this forum under 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

**A. Joyology receives a special land use permit for a marijuana establishment under the Township's marijuana ordinance.**

9. Pursuant to the Michigan Regulation and Taxation of Marihuana Act ("MRTMA"), MCL 333.27951 et seq., the Township "opted in" to Michigan's legalized commercial marihuana industry.

10. The Township enacted the Ordinance Authorizing and Regulating Medical Marihuana Facilities and Adult-Use Marijuana Establishments to permit the operation of marijuana establishments within the Township, a copy of which is attached as Exhibit 1 (the "Ordinance").

11. To operate a marihuana establishment within the Township, an operator of such an establishment must, among other things, possess a special use permit. (Exhibit 1, § 257-2).

12. On or about May 6, 2024, Joyology applied for a special land use permit with the Township to open and operate an adult-use marijuana establishment (the

2

"SLU Permit") at 19393 and 19379 W US-12, New Buffalo, Michigan 49117 (collectively, the "Property").

13.    At a meeting held on or about August 19, 2024, the Township Board approved Joyology's SLU Permit. (Exhibit 2).

14.    The Township's Board conditioned the SLU Permit on Joyology obtaining a variance for excess parking, obtaining a parcel combination, and developing the property consistent with the site plan.

**B.    Joyology complies with the Township's imposed conditions and begins developing the Property while facing unknown and uncontrollable setbacks.**

15.    Joyology complied with the Township's conditions, and diligently worked to develop the Property consistent with the site plan and conditional approval.

16.    To that end, Joyology invested significant amounts of effort and financial resources into acquiring and developing the Property.

17.    Joyology's diligent development and construction of the location were significantly delayed due to several factors outside of Joyology's control, to wit:

   a.    The National Wetland Map did not identify wetlands along the southern edge of the Property, which were later discovered after necessary soil testing. This resulted in a three-month delay and complete revisions to the site plan, which required Joyology to redesign the site in compliance with wetlands regulations.

3

b.    Joyology spent at least two months applying for a sewer permit and working with the Township to connect the Property to an existing sewer system. Joyology's sewer permit was ultimately denied.  Curiously, the Township approved a sewer permit for a motel immediately to the west of the Property despite denying Joyology's permit.

c.    Upon being denied connection approval to the existing sewer system, Joyology spent approximately five months working with contractors, the Berrien County Health Department, and Michigan's Department of Environment, Great Lakes, and Energy ("EGLE") to identify and design a suitable septic system for the Property.

18.    Despite the wetland, sewer, and other property development issues beyond Plaintiff's control, Joyology diligently moved forward with site development.

**C.    Joyology applies for an extension of time to obtain final authorization from the Township's Zoning Administrator based on the Township's vague ordinance, which is denied by the Township Board without any written articulation to support its denial.**

19.    Because of the previously unidentified wetlands and the Township's denial of the sewer permit, Joyology needed a brief extension of time to finish construction on the Property consistent with the submitted site plans.

20.    This is because the Township's Ordinance imposes certain time restraints for the Zoning Administrator to grant final authorization for the marijuana establishment.

4

21.     Specifically, section 257-3(C)(1) of the Ordinance provides:

> (1) The Zoning Administrator will grant final authorization for the facility or establishment if the applicant:
>
> (a) Obtains special use authorization from the Township Planning Commission within 12 months after submitting a complete license application under this article; and
> (b) Receives all required operating licenses and approvals from LARA within 18 months of submitting the application; and
> (c) Otherwise complies with all Township rules, regulations, and codes.

22.     Section 257-3(C)(2) of the Ordinance allows the Township Board to extend the deadlines identified in section 257-3(C)(1) "upon a showing of good cause."

23.     Section 257-3(C)(1) of the Ordinance, however, is vague and ambiguous because it fails to specify which application triggers the 18-month deadline to obtain all required operating licenses and approvals from Michigan's Department of Licensing and Regulatory Affairs ("LARA").

24.     While subsection (1)(a) specifies a 12-month deadline from the date of "submitting a complete license application under this article," subsection (1)(b) simply identifies "the application" which likely refers to LARA's Marijuana Establishment License Application, which is the final application in Michigan's marijuana licensing process. (Exhibit 1, § 257-3(C)(1)).

5

25.     The Marijuana Establishment License Application is "the standard Step 2 license application" that is submitted with LARA to obtain final licensing approval for a marijuana establishment. *See* LARA's Paper Application Instruction Booklet Adult-Use Establishment Licensing, Step 2.[1]

26.     Unaware of which "application" the vague and ambiguous Ordinance refers to, and based on statements of Township officials, Joyology requested two, separate extensions of the 18-month deadline.

27.     In both requests, Joyology asserted that good cause exists to grant the extension because it could not obtain all licenses and approvals from LARA due to the numerous site development delays that were outside of Joyology's control, including wetland and sewer system issues.

28.     On or about January 14, 2026, Joyology first requested that the Township's Board grant an 8-month extension of time to allow Joyology to obtain all required operating licenses and approvals from LARA.

29.     At a meeting held on or about January 20, 2026, the Township's Board considered and denied Joyology's first extension request.

30.     A true and accurate copy of the Township Board's January 20, 2026, minutes are attached as **Exhibit 3**.

---

[1]     https://www.michigan.gov/cra/-/media/Project/Websites/cra/Adult-Use-Establishment-Licensing/Adult-Use-Paper-Application-Forms-and-Resources/Paper-Application-Instructions/Step-2---Marijuana-Establishment-License-Application Instructions.pdf?rev=cf1d1a9ffc87447f8f8fb624d18f0ef9&hash=3A9CF7AFCC67556 041679A5F15509E0B (last visited April 22, 2026).

31.    The Township Board's written minutes from its January 20, 2026, meeting failed to articulate any basis or findings to support its denial of Joyology's requested extension, including any consideration or determination of whether good cause existed to grant Joyology's requested extension.

32.    On or about February 10, 2026, Joyology submitted a second extension request, this time requesting a 6-month extension from the purported 18-month deadline to obtain final approval.

33.    At a meeting held on or about February 17, 2026, the Township's Board considered and denied Joyology's second extension request.

34.    A true and accurate copy of the Township Board's February 17, 2026 minutes are attached as **Exhibit 4**.

35.    The Township Board's written minutes from its February 17, 2026 meeting again failed to articulate any basis or findings to support its denial of Joyology's requested extension, including any consideration or determination of whether good cause existed to grant Joyology's requested extension.

**D.    The Township's denial of Joyology's requested extensions is contrary to its past practices of granting extensions to other similarly situated applicants.**

36.    Upon information and belief, Joyology's requested extensions are the *only* occasions in which the Township Board has denied a requested extension under section 257-3(C)(1) of the Ordinance.

7

37.     In fact, the Township Board granted four (4) other but similar requested special land use extensions for time to complete construction or improvements at its February 17, 2026 for other marijuana establishments.

38.     The Township has also granted extensions of time to other similarly situated marijuana establishments in the Township that had not yet begun physical construction of each to-be-opened establishment.

39.     For example, at a meeting held on or about April 21, 2025, the Township Board approved a 6-month extension of time under section 257-3(C)(1) of the Ordinance for a marijuana establishment located at 19563 US 12, New Buffalo, Michigan 49117.

40.     A true and accurate copy of the Township Board's April 21, 2025 minutes are attached as **Exhibit 5**.

41.     However, the special land use permit holder for the property located at 19563 US 12 had not even obtained a building permit at the time the Township Board granted the time extension.

42.     The Township's Building and Zoning Department did not issue a building permit for 19563 US 12 until on or about June 16, 2026 – nearly 2 months after the Township Board granted an extension of time.

43.     Contrary to 19563 US 12, Joyology had a building permit issued at the time of requesting its extension of time from the Township Board. In other words, the Township granted an extension for a property owner that had not yet been approved

8

to begin construction, while Joyology had approval to begin construction, but was nonetheless denied an extension.

**E.  Joyology remains willing and ready to complete construction and obtain final authorization from the Township's Zoning Administrator.**

44.  Joyology remains willing and able to complete construction on the Property consistent with its submitted site plan and obtain all licenses and approvals within 18 months of submitting its Marijuana Establishment Licensing Application.

45.  Joyology remains willing and able to complete construction on the Property consistent with its submitted site plan and obtain all licenses and approvals within 6 months after any potential 18-month deadline from the date of submitting its special land use application.

46.  Without clear guidance on which application applies, Joyology risks investing millions of more dollars in the Property to open a marijuana establishment with the underlying possibility that the Zoning Administrator denies final approval based on not timely complying with the 18-month deadline.

47.  Without being able to obtain final approval and open its marijuana establishment, Joyology will suffer significant damages including, without limitation, lost profits and lost capital from building an establishment that is incapable of operating and generating income.

48.  To the extent the Ordinance provides that the 18-month deadline applies from the date of the special land use permit, Joyology is harmed as it was treated differently from other similarly situated property owners that received an

extension and because the Township failed to afford due process to Joyology when considering the extension request for the reasons stated herein.

49.    Joyology brings this Action in law and equity to redress the Township's deprivation of Joyology's constitutional rights pursuant to 42 U.S.C. § 1983.

**COUNT I**
**DUE PROCESS: VOID FOR VAGUENESS**
**(U.S. CONST. AMEND. XIV; MICH. CONST. ART. I § 17)**

50.    Plaintiff realleges and incorporates by reference the preceding allegations.

51.    The Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, § 17 of the Michigan Constitution prohibit the enforcement of laws that fail to provide adequate notice of prohibited conduct or sufficient standards to prevent arbitrary enforcement.

52.    Section 257-3 of the Ordinance is unconstitutionally vague because it fails to specify which application triggers the 18-month deadline to obtain all required operating licenses and approvals from LARA.

53.    The ambiguity in the Ordinance leaves applicants, including Joyology, without clear guidance as to compliance requirements, thereby violating due process protections under the United States and Michigan Constitutions.

54.    The vagueness of the Ordinance has resulted in arbitrary and inconsistent enforcement, as evidenced by the Township's denial of Joyology's extension requests while granting extensions to similarly situated applicants as set forth herein.

55.     The vagueness of the Ordnance does not provide the Zoning Administrator with adequate notice of which application the Administrator is to use when determining the non-discretionary task of whether to grant final approval to a marijuana establishment.

56.     Joyology has suffered and will continue to suffer harm and damages as a result of the Township's enforcement of this vague Ordinance.

   **WHEREFORE**, Plaintiff respectfully requests that this Court declare section 257-3 of the Ordinance void for vagueness, enjoin enforcement of this section of the Ordinance against Plaintiff, award Plaintiff the damages it has sustained and will sustain as a result of this Constitutional violation, and grant Plaintiff any further relief deemed just and appropriate.

### COUNT II
### PROCEDURAL DUE PROCESS
### (U.S. CONST. AMEND. XIV; MICH. CONST. ART. I § 17)

57.     Plaintiff realleges and incorporates by reference the preceding allegations.

58.     The Due Process Clause of the Fourteenth Amendment and Article I, § 17 of the Michigan Constitution require that government actions affecting property interests be accompanied by adequate procedural safeguards, including the articulation of a clear basis for decisions.

59.     Joyology has a valid property interest in the special land use permit that the Township granted with conditions to Joyology.

11

60.     The Township denied Joyology's extension requests without articulating any findings or basis for its decisions in its written minutes, thereby depriving Joyology of its right to fair and just treatment in the decision-making process.

61.     The Township Board, as a public governing body, speaks only through it written minutes, meaning that the Township failed to articulate any findings concerning good cause or lack of good cause to grant the requested extensions.

62.     The Township's failure to articulate a reasoned explanation for its denial of Joyology's extension requests violates procedural due process.

63.     Joyology has suffered harm and damages as a result of the Township's failure to comply with procedural due process requirements.

**WHEREFORE**, Plaintiff respectfully requests that this Court declare section 257-3 of the Ordinance void for vagueness, enjoin the Township from enforcing its denial of Plaintiff's extension requests, award Plaintiff the damages it has sustained and will sustain as a result of this Constitutional violation, and grant Plaintiff any further relief deemed just and appropriate.

## COUNT III
## PROCEDURAL DUE PROCESS
## (U.S. CONST. AMEND. XIV; MICH. CONST. ART. I § 17)

64.     Plaintiff realleges and incorporates by reference the preceding allegations.

65.     The Due Process Clause of the Fourteenth Amendment and Article I, § 17 of the Michigan Constitution protect individuals from arbitrary and capricious government actions that deprive them of life, liberty, or property.

12

66.    Joyology has a valid property interest in the special land use permit that the Township granted with conditions to Joyology.

67.    The Township's denial of Joyology's extension requests, despite Joyology's compliance with the conditions of its special land use permit and its demonstrated good cause for the extensions, constitutes arbitrary and capricious action.

68.    The Township's inconsistent treatment of Joyology compared to other similarly situated applicants further demonstrates the arbitrary nature of its actions.

69.    Joyology has suffered harm and damages as a result of the Township's violation of substantive due process protections.

**WHEREFORE**, Plaintiff respectfully requests that this Court declare the Township's actions unlawful, enjoin the Township from enforcing its denial of Plaintiff's extension requests, award Plaintiff the damages it has sustained and will sustain as a result of this Constitutional violation, and grant Plaintiff any further relief deemed just and appropriate.

## COUNT IV
## EQUAL PROTECTION
## (U.S. CONST. AMEND. XIV; MICH. CONST. ART. I § 2)

70.    Plaintiff realleges and incorporates by reference the preceding allegations.

71.    The Equal Protection Clause of the Fourteenth Amendment and Article I, § 2 of the Michigan Constitution require that similarly situated individuals be treated alike under the law.

72.    The Township treated Joyology differently from other similarly situated marijuana establishments by denying Joyology's extension requests while granting extensions to other special land use permit holders, including those that were not as far along in the construction process as Joyology.

73.    The Township's disparate treatment of Joyology is not rationally related to any legitimate government interest and thus violates the Equal Protection Clause.

74.    Joyology has suffered harm and damages as a result of the Township's discriminatory treatment.

**WHEREFORE**, Plaintiff respectfully requests that this Court declare the Township's actions unlawful, enjoin the Township from enforcing its denial of Plaintiff's extension requests, award Plaintiff the damages it has sustained and will sustain as a result of this Constitutional violation, and grant Plaintiff any further relief deemed just and appropriate.

## COUNT V
## DECLARATORY RELIEF
### (28 U.S.C. §§ 2201-2202

75.    Plaintiff realleges and incorporates by reference the preceding allegations.

76.    An actual controversy exists between Joyology and the Township regarding the validity and enforcement of section 257-3(C) of the Ordinance and the Township's denials of Joyology's extension requests.

77.    Joyology seeks a declaratory judgment to resolve this controversy and to determine the rights and obligations of the parties.

78.    Joyology requests that this Court declare:

a.  Section 257-3(C) of the Ordinance is void for vagueness and has no effect on Joyology's special land use permit;

b.  The Township's denials of Joyology's extension requests deprives Joyology of due process by failing to articulate any findings or basis for the denials due to any alleged lack of good cause;

c.  The Township's denial of Joyology's extension requests deprives Joyology of due process because the denials are arbitrary and capricious; and

d.  The Township's denials of Joyology's extension requests were a violation of the Equal Protection clauses of the United States and Michigan Constitutions because the Township had no rational basis to disparately treat Joyology when denying its requested extensions.

**WHEREFORE**, Plaintiff respectfully requests that this Court issue a declaratory judgment as requested above and grant such other relief as the Court deems just and appropriate.

Respectfully submitted,

DATED: April 23, 2026                     ∞Butzel Long, P.C.

*/s/ Daniel V. Barnett*
Daniel V. Barnett (P82372)
BUTZEL LONG, P.C.
300 Ottawa Avenue, N.W. Suite 620
Grand Rapids, MI 49503
616-988-5600
barnett@butzel.com
*Attorneys for Plaintiff*

15